# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EARL R. MAYFIELD,

      Plaintiff,

vs.                               No. CV 17-00398 MCA/KRS

PRESBYTERIAN HOSP. ADMIN.
BSO DEPT., OUTSIDE AGENCY,
ALBUQ AMBULANCE, JANE/JOHN DOE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on under 28 U.S.C. §§ 1915A and 1915(e)(20(B) and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff Earl R. Mayfield. (Doc. 1). The Court determines that Mayfield's Complaint fails to state a federal civil rights claim for relief, declines to exercise supplemental jurisdiction over any state-law claims, and dismisses this case without prejudice to Mayfield's right to re-file his claims under state law in New Mexico state court.

Plaintiff Earl R. Mayfield filed his Prisoner's Civil Rights Complaint on Mary 31, 2017. (Doc. 1). He names, as Defendants, Pres. Hosp. Admin. (apparently Presbyterian Hospital), BSO Dept. (presumably Bernalillo County Sheriff's Office), Outside Agency, Albuq Ambulance (presumably Albuquerque Ambulance), Jane/John Doe, and possible MDC (apparently Metropolitan Detention Center). (Doc. 1 at 1). Mayfield claims:

> "I was admitted to Emergency Room May 4, 2016 where my constitutional State and Fed rights Hippa/civil rights state and Federal medical malpractice, attempted murder, assault, rape, violation of due process, conspiracy with BSO Albuq Ambulance and other unknown agency's overly medicated.
> . . .
> I was taken to Pres Hosp by Albuq Ambulance after being

1

> remanded into custody by BSO, while in custody other outside
> Jane/John Doe agency was called. . . Violation of Hippa,
> Due Process, Equal Process, Cruel & Unusual punishment, Fed.
> & State constitutional Civil Rights 1964, Deliberate indifference,
> Assault, Medical Malpractice, Abuse of power, Excessive force,
> Attempted Murder, Agrivated Assault, Possible sexual assault."

(Doc. 1 at 1-2). Mayfield requests the Court award him "$20,000,000, for each and every defendant violation of plaintiffs rights, Monetary, Compensatory, Punitive Damages." (Doc. 1 at 13).

Plaintiff Mayfield is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

# I. MAYFIELD'S COMPLAINT FAILS TO STATE A FEDERAL CLAIM FOR RELIEF

Plaintiff Mayfield appears to assert claims under 42 U.S.C. § 1983 for violation of constitutional rights, under the Health Insurance Portability and Accountability Act (HIPAA), and possibly the Americans With Disabilities Act (ADA). (Doc. 1 at 1-2). His Complaint fails to state any federal claim for relief.

**A. Section 1983 Civil Rights Claims:** 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). 42 U.S.C. § 1983 states:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added).

For liability to be imposed, Section 1983 requires that the defendant be acting under color of state law. *Gallagher v. Neil Young Freedom Concert,* 49 F.3d 1442, 1447 (10th Cir. 1995). Both Presbyterian Hospital and Albuquerque Ambulance are private companies, not governmental entities, and they do not act under color of state law. Therefore, Mayfield's Complaint does not state a § 1983 civil rights claim against either Presbyterian Hospital or Albuquerque Ambulance. *Gallagher,* 49 F.3d at 1447.

Further, only a "person" may be held liable under the provisions of § 1983. Neither BSO nor MDC is a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no

remedy against BSO or MDC under § 1983. Therefore, the claims against BSO and MDC fail to state a claim for relief under § 1983 and will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Last, to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Mayfield's Complaint does not make any factual allegations of conduct by any identified government official. Mayfield does not allege personal involvement by any identified official in any alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Nor do Mayfield's generalized allegations of constitutional violations against entity defendants,

5

without identification of actors and conduct that caused the deprivation of a constitutional right, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The allegations of the Complaint are insufficient to state a plausible claim upon which relief can be granted against any Defendant. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Twombly,* 550 U.S. at 570.

    **B. Claims Under HIPAA and the ADA:**

Plaintiff Mayfield also claims that "on our way to Pres. Hospital plaintiff notice there were 4 BSO sheriff officers following the ambulance it should be note that Albuq ambulance violated state and Fed. law known as Hippa by sharing my medical issues with BSO and other outside agents." (Doc. 1 at 6). Plaintiff Mayfield does not factually identify what personal health information was disclosed, who the information was disclosed to, or how any disclosure violated Plaintiff's rights under HIPAA. The allegations are factually insufficient to state any claim for relief. *Twombly,* 550 U.S. at 570.

Moreover, the Courts thus have concluded that HIPPA does not support a private right of action. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1269 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."). In the absence of a private right of action, Plaintiff Mayfield's Complaint does not state an actionable claim for relief under HIPAA.

Plaintiff Mayfield also makes passing references to the "1981 Disability Act" and the "American Disability Act." (Doc. 1 at 2, 11). 42 U.S.C. § 1981a provides a damages remedy for intentional violation of the ADA. In order to state a claim under the ADA, a plaintiff must allege (1) that he is a qualified individual with a disability; (2) that he was "either excluded from participation in or denied the benefits of some entity's services, programs, or activities, or was otherwise discriminated against by the public entity," and (3) "that such exclusion, denial of

benefits, or discrimination was by reason" of his disability. *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016). Mayfield's passing references to the "1981 Disability Act" and the "American Disability Act" are wholly insufficient to state any claim for relief under § 1981a or the ADA.

## II. THE COURT WILL DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION AND DECLINE TO GRANT LEAVE TO AMEND

In addition to alleging violation of his U.S. Constitutional and federal statutory rights, Mayfield appears to claim that his rights under the New Mexico Constitution and New Mexico State law have been violated. (Doc. 1 at 1-2). As set out, below, Mayfield's allegations appear to be baseless and probably do not state a claim for relief under New Mexico law. However, the Court will decline to reach the merits of the state law claims, if any, and will dismiss those claims under 28 U.S.C. § 1367.

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130 (footnote omitted). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v.*

*City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014). This Court is dismissing all federal claims in this case. The Court declines to exercise supplemental jurisdiction over Plaintiff Mayfield's remaining state-law claims, if any.

Although a pro se prisoner should ordinarily be given the opportunity to remedy defects in his pleadings, the Court properly dismisses without leave to amend where any amendment would be futile. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). The Court will dismiss Mayfield's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Mayfield will never be able to amend his Complaint to state a § 1983 civil rights claim against private entities, such as Presbyterian Hospital or Albuquerque Ambulance, that do not act under color of state law. *Gallagher,* 49 F.3d at 1447.

Further, the allegations in the Complaint appear to be delusional and baseless. For example, Mayfield alleges:

> "I firmly believe that I was raped and drugged by Pres administration and emergency staff on May 4, 2016 along with BSO and all other present that day Jane and John Doe 1-50, I would ask that the FBI, State Police Attorney General please investigate this attempted murder and asault. It should also be noted that many many people were going in and out my room and under the bed at which time i hearing sawing and all kind of machinery behind and under my bed I know for a fact that they were drugging me with Cocaine, Meth and some other drug because as time goes on im getting higher and higher . . ."

(Doc. 1 at 10). The Court also finds the claims asserted by Mayfield are frivolous under 28 U.S.C. § 1915(e)(2) and will decline to grant him leave to amend. *See Duhart v. Carlson,* 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman,* 997 F.2d 726, 728-29 (10th Cir. 1993).

# III. THE COURT WILL IMPOSE A STRIKE UNDER § 1915(g)

When Congress enacted legislation governing *in forma* pauperis proceedings, it recognized that citizens generally should not be denied an opportunity to commence a civil action solely because they are unable to pay fees or costs. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks any financial incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Because prisoner suits represent a disproportionate share of federal filings, Congress chose to enact reforms designed to filter out deficient claims. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007).

Those reforms include the three-strike rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Mayfield's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the PLRA § 1915(g).[1] Mayfield is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of

---

[1] The Court takes notice that Mayfield has a number of cases pending and the Court has already determined that his complaints fail to state a claim in several cases. *See, Earl R. Mayfield v. Joe Garcia, et al.,* No. CV 16-00805 JB/WPL; *Earl Mayfield v. Tom Ruiz,* No. CV 17-00193 JCH/LAM; *Earl R. Mayfield v. Main Warden John Doe, et al.*, No. CV 17-00237 RJ/CG; *Earl R. Mayfield v. Craig Cole, et al.*, No. CV 17-00332 WJ/KK; *Earl Mayfield v. Gregg Morris, et al.,* No. CV 17-00891 MV/SMV; *Earl Mayfield v. John Suggs,* No. CV 17-01190 WJ/GBW.

serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED**:

(1) the Motion to Show Cause filed by Plaintiff Earl R. Mayfield on August 31, 2017 (Doc. 9) is **DENIED** as moot;

(2) all claims asserted by Plaintiff Mayfield in his Prisoner's Civil Rights Complaint (Doc. 1) under the United States Constitution or federal statutes, including his claims under 42 U.S.C. § 1983, are **DISMISSED** with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B);

(3) the Court declines to exercise supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367, and those state-law claims are **DISMISSED** without prejudice to his right to file in state court; and

(4) a **STRIKE** is imposed against Plaintiff Earl R. Mayfield under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE