## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EARL R. MAYFIELD,

      Plaintiff,

vs.                            No. CV 17-00398 JCH/KRS

PRES HOSP. ADMIN.
BSO DEPT., OUTSIDE AGENCY,
ALBUQ AMBULANCE, JANE/JOHN DOE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Tenth Circuit. The Tenth Circuit directed this Court to consider whether certain allegations in Plaintiff Earl R. Mayfield's Prisoner's Civil Rights Complaint state a 42 U.S.C. § 1983 claim for relief and whether to grant Plaintiff Mayfield leave to file an amended complaint. The Court concludes that Plaintiff's allegations still fail to state a claim for § 1983 relief but will grant Plaintiff leave to file an amended complaint.

### I.  Factual and Procedural Background

Plaintiff Earl R. Mayfield filed a rambling, often incoherent, and delusional Prisoner's Civil Rights Complaint on Mary 31, 2017. (Doc. 1). He named, as Defendants, Pres. Hosp. Admin. (apparently Presbyterian Hospital), BSO Dept. (presumably Bernalillo County Sheriff's Office), Outside Agency, Albuq Ambulance (presumably Albuquerque Ambulance), Jane/John Doe, and possible MDC (apparently Metropolitan Detention Center). (Doc. 1 at 1). Mayfield claimed:

> "I was admitted to Emergency Room May 4, 2016 where my
> constitutional State and Fed rights Hippa/civil rights state

1

and Federal medical malpractice, attempted murder, assault,
rape, violation of due process, conspiracy with BSO Albuq
Ambulance and other unknown agency's overly medicated.
. . .
I was taken to Pres Hosp by Albuq Ambulance after being
remanded into custody by BSO, while in custody other outside
Jane/John Doe agency was called. . . Violation of Hippa,
Due Process, Equal Process, Cruel & Unusual punishment, Fed.
 & State constitutional Civil Rights 1964, Deliberate indifference,
Assault, Medical Malpractice, Abuse of power, Excessive force,
Attempted Murder, Agrivated Assault, Possible sexual assault."

(Doc. 1 at 1-2). Mayfield requested the Court award him "$20,000,000, for each and every

defendant violation of plaintiffs rights, Monetary, Compensatory, Punitive Damages." (Doc. 1 at

13).

On January 23, 2018 the Court entered a Memorandum Opinion and Order concluding that

Plaintiff's Complaint failed to state a federal claim for relief and declining to exercise supplemental

jurisdiction over any possible state law claims.   (Doc. 12). Plaintiff Mayfield appealed the

dismissal to the United States Court of Appeals for the Tenth Circuit on February 2, 2018. (Doc.

14). The Tenth Circuit affirmed this Court in most respects on May 31, 2019. (Doc. 21-1). In its

Order, the Tenth Circuit affirmed all of the Court's rulings that Plaintiff Mayfield's Complaint

failed to state a federal claim for relief. (Doc. 21-1 at 6-9). The Tenth Circuit specifically affirmed

the Court's ruling that MDC is not a suable entity for purposes of § 1983 and Plaintiff Mayfield's

Complaint fails to state a claim for relief against MDC. (Doc. 21-1 at 6).

However, the Tenth Circuit questioned whether the Court had considered Mayfield's

allegation he was deprived of food by MDC in retaliation for alleging grievances against prison

officials. (Doc. 21-1 at 9). The Tenth Circuit characterized his statements as alleging "he was

placed in a maximum security cell . . .[w]hile in maximum security he alleges MDC did not feed

him for the next three to four days." (Doc. 21 at 3-4). The Tenth Circuit remanded the case "to

the district court to decide in the first instance Mayfield's claim of unconstitutional prison conditions and retaliation, including whether Mayfield should be given leave to amend his complaint."  (Doc. 21-1 at 11).  The Circuit Court also vacated the Court's decision declining to exercise supplemental jurisdiction over any state law claims.  (Doc. 21-1 at 11).

The relevant portions of Mayfield's Complaint state:

"So im booked in MDC talking to the pack unit and the next day i notify the classification officer of all the above mention actions and violations of the law and he states no, no, why are you telling me anyway he did report it to Tom Uriouse i was immediately placed in max security with a guard watching me for (2)  days documenting my every move because i was possibly rape by all above mentioned defendants prea was call MDC would not feed me for 3-4 days then finally i was took to hospital and interviewed by prea while being examined by Medical Doctors i told her about all the above mentioned events and the four gallons that was mentioned in this documents."

(Doc. 1 at 12).

Plaintiff Mayfield has had fifteen civil rights and habeas corpus cases brought as original proceedings in or removed to this Court.[1]  Immediately following the Tenth Circuit's Order of Remand, rather than seeking leave to amend in this case, Mayfield filed the same claims in New Mexico state court. That case was removed to this Court by the Defendants on October 9, 2019. *See Mayfield v. Presbyterian Hospital*, No. CV 19-00248 KWR/SMV, Doc. 1.  The claims in that case arise out of the same factual series of occurrences raised in this case, and the named Defendants are the same as in this case, including MDC.  (No. CV 19-00948 KWR/SMV, Doc.

---

[1] *Mayfield v. Waid,* CV 92-00349 JEC/WD; *Mayfield v. Bernalillo County Detention,* CV 92-00350 JGB/JHG; *Mayfield v. New Mexico Department,* CV 98-00699 LCS/JHG; *Mayfield v. Hackett*, CV 07-00149 JCH/LFG; *Mayfield v. Torres*, CV 08-413 RB/KBM; *Mayfield v. Garcia,* CV 16-00805 JB/JHR; *Mayfield v. Torres*, CV 16-00840 MCA/SCY; *Mayfield v. Suggs*, CV 17-01190 WJ/GBW; *Mayfield v. Ruiz*, CV 17-00193 JCH/KRS; *Mayfield v. LNU,* CV 17-00237 JAP/CG; *Mayfield v. Cole,* CV 17-00332 WJ/KK; *Mayfield v. Presbyterian Hospital,* CV 17-00398 JCH/KRS; *Mayfield v. Morris,* CV 17-00891 MV/SMV; *Mayfield v. Presbyterian Hospital,* CV 19-00948 KWR/SMV; and *Mayfield v. Jackson,* CV 20-00952 KG/LF.

1-1).   However, the Complaint in CV 19-00948 did not mention any allegations regarding MDC nor feeding him for a few days.  This Court again dismissed all of Mayfield's federal claims for failure to state a claim for relief and remanded Mayfield's state law claims to New Mexico state court.  (CV 19-00948 KWR/SMV, Doc. 18).

## II.   Mayfield's Allegations that MDC Failed to Feed Him Do Not State a Claim for Relief

In order to state a § 1983 claim for relief, a plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation.  *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). To succeed under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Further, a civil rights action against a public entity may not be based solely on a theory of respondeat superior liability for the actions of unnamed employees. *Ashcroft v. Iqbal,* 556 U.S.at 676.

Plaintiff Mayfield does not name any individual official as a defendant in this case. Although he mentions a classification officer and "Tom Uriouse," he does allege any conduct by

either individual that violated a constitutional right. He claims he told the classification officer about his grievances, but he alleges that the classification officer reported what he had been told by Mayfield. (Doc. 1 at 12). He does not claim any further conduct by the classification officer. Mayfield also alleges that the classification officer reported the grievances to "Tom Uriouse", but he does not explain who Tom Uriouse is, or allege any further conduct by Uriouse. He only says he was placed in maximum security and observed because he thought he might have been raped. (Doc. 1 at 12). He claims that MDC did not feed him for a period of a few days, but he does not identify any individual official that failed to feed him or clearly articulate a reason why MDC did not feed him. (Doc. 1 at 12). The allegations, as presently set out, require the Court to speculate as to a causal connection between his speaking to the classification officer and MDC's alleged failure to feed him and, if the failure to feed him actually occurred, whether that failure rises to the level of a constitutional violation. *See West v. Atkins*, 487 U.S. at 48; *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The allegations do not state a plausible §1983 claim for relief against any individual official. *Iqbal,* 556 U.S. at 676.

The only entity named in the Complaint is MDC. As the Court has already held, MDC is not a suable entity. (Doc. 12 at 4-5). A detention facility is not a person or legally created entity capable of being sued. *White v. Utah*, 5 F. App'x. 852, 853 (10th Cir. 2001) (unpublished). A detention center is not a suable entity in a § 1983 action*. Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014). A detention center is not a suable entity, because it is not a "person" within the meaning of 42 U.S.C. § 1983. *Kristich v. Metropolitan Detention Ctr.*, 2016 WL 5387675 at *2 (D.N.M. 2016). *See Wishneski v. Lea Cty. Det. Ctr.*, 2012 WL 1688890, at *2 (D.N.M. 2012; *Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners*, 272 F. Supp. 3d 1256, 1264–65 (D.N.M. 2017). This Court's dismissal of the claims against MDC was

affirmed by the Tenth Circuit.  (Doc. 21-1 at 6).  The Complaint did not, and still does not, state any claim for § 1983 relief against MDC.

The Tenth Circuit 's Order suggests the possibility that MDC could be held liable under a theory of municipal liability.  (Doc. 21-1 at 6-7).  MDC is an agency of Bernalillo County, not a municipal agency and allegations of municipal liability would not make MDC a suable entity for purposes of § 1983.  The Court acknowledges that a proper county defendant could still be held liable under *Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978). *See* N.M.Stat.Ann. § 4-46-1; *Gallegos v. Bernalillo County Board of Commissioners*. 272 F. Supp. 3d 1256, 1266-67 (D.N.M. 2017). However, even if a proper county defendant was named, Mayfield's allegations still do not state a claim for relief based on *Monell* liability.

A local governmental body, like a county, may be sued for § 1983 liability under *Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978).  However, a *Monell* claim exists only where there has been a violation of the Constitution caused by carrying out of a county policy or custom. *Id.* at 690. A municipality cannot be held liable for the unconstitutional conduct of its employees under a theory of *respondeat superior. Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978); *Brammer–Hoelter v. Twin Peaks Charter Academy,* 602 F.3d 1175, 1188 (10th Cir.2010) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986)). Instead, a local public body is liable under § 1983 only where the unconstitutional conduct occurred while he was carrying out a policy or custom established by the public body, and there is a direct causal link between the policy or custom and the injury alleged. *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010) (citing *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir.1993) (internal citation omitted)).

The Tenth Circuit has determined that the municipal policy or custom required to support § 1983 municipal liability must be based on evidence of one of the following:(1) "a formal regulation or policy statement;" (2) an informal custom "amoun [ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law;' " (3) "the decisions of employees with final policymaking authority;" (4) "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval;" or (5) the "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Brammer–Hoelter v. Twin Peaks Charter Acad.,* 602 F.3d 1175, 1189–90 (10th Cir.2010) (quoting *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988) and *City of Canton v. Harris,* 489 U.S. 378, 388–91 (1989)) (internal quotation marks omitted); *Bryson,* 627 F.3d at 788. As a general rule, "a single incident of unconstitutional conduct is not enough. Rather, a plaintiff must show that the incident resulted from an existing, unconstitutional policy attributable to a municipal policymaker." *Nielander v. Board of County Comm'rs,* 582 F.3d 1155, 1170 (10th Cir.2009) (citing *Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24 (1985)). A plaintiff may pursue municipal liability on the basis of a single incident only if he shows "the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued." *Moss v. Kopp,* 559 F.3d 1155, 1169 (10th Cir.2009) (citing *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir.1996)).

In this case, Plaintiff Mayfield makes no allegations, whatsoever, that any unconstitutional conduct occurred while any official of MDC was carrying out a policy or custom established by Bernalillo County or that there is a direct causal link between any policy or custom and the alleged

injury. *Bryson v. City of Oklahoma City,* 627 F.3d at 788.  Plaintiff does not claim there is any formal regulation or policy statement, an informal custom amounting to 'a widespread practice, decisions of employees with final policymaking authority, ratification by such final policymakers of any decisions of subordinates to whom authority was delegated subject to these policymakers' review and approval, or any failure to adequately train or supervise employees resulting from deliberate indifference to the injuries that may be caused. *Brammer–Hoelter v. Twin Peaks Charter Acad.,* 602 F.3d at 1189–90.  Plaintiff's allegations that he relayed complaints to an unnamed classification officer who reported them to an individual whose position is unknown, was placed in maximum security and observed because he might have been raped, and was then transported to the hospital do not state any § 1983 claim for local entity liability under *Monell.   Nielander v. Board of County Comm'rs,* 582 F.3d at 1170; *Moss v. Kopp,* 559 F.3d at 1169.

### III.  <u>The Court Again Declines to Exercise Supplemental Jurisdiction</u>

The Tenth Circuit also set aside the Court's decision not to exercise supplemental jurisdiction over any state law claims.  Plaintiff chose to pursue any state law claims in a separate proceeding and that case has been remanded to state court for consideration of those claims.  The Court will again decline to reach the merits of state law claims, if any, and will dismiss those claims under 28 U.S.C. § 1367.

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims.  A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c).  Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it

has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130 (footnote omitted). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

The Court declines to exercise supplemental jurisdiction over Plaintiff Mayfield's remaining state-law claims, if any.  This Court has dismissed all federal claims in this case. Further, although the Court does not decide the issue, the allegations of the Complaint appear insufficient to state any state law claim for relief.  Last, to the extent Plaintiff Mayfield has any state law claims arising out of the incidents alleged in his Complaint, he has been afforded the chance to pursue those state law claims in state court.  *See Mayfield v. Presbyterian*, No. CV 19-00948 KWR/SMV (remanding Plaintiff's state law claims to state court).

## IV.  **The Court Will Grant Leave to Amend**

 Plaintiff's Complaint fails to state a sufficient §1983 claim for relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).  Having given Mayfield prior opportunities, the Court will reluctantly grant Mayfield one last opportunity to amend to try to state a claim for relief.  *Hall v. Bellmon,* 935 F.2d at 1109. Mayfield may not sue MDC but, instead, must name either individual officials or a proper county defendant.  The Court cautions Mayfield that any claim against an

individual defendant must contain specific factual allegations identifying who each individual is, what that individual did, and how that individual's actions deprived Mayfield of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.  In order to state a claim against a county defendant, Mayfield must establish that, in addition to conduct by an employee or agent of the defendant in violation of the Constitution, a policy or custom of the defendant was a direct cause or moving force for the constitutional violation.  *Bryson v. City of Oklahoma City,* 627 F.3d at 788.

Further, Mayfield's amendment must be limited to the incident where he claims he told a classification officer at MDC about alleged violations, he was placed in maximum security, and he was not fed for a few days as alleged in Doc. 1 at 12.  He may not seek to assert any claims that have previously been dismissed by this Court, nor may he attempt to raise any new claims arising out of incidents or occurrences that he has not previously raised.  He may assert new claims only by instituting a new case.

The Court will Order Mayfield to amend the Complaint to allege any claims he believes he may have against any individual defendant or governmental entity consistent with the requirements of Fed. R. Civ. P. 11(b) and this Memorandum Opinion and Order.  Mayfield must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order.  Failure to file an amended complaint within that time will result in final dismissal of this action without further notice.

**IT IS ORDERED:**

(1) Plaintiff Earl R. Mayfield's Motion to Order Martinez Report (Doc. 24), Motion for Settlement Conference (Doc. 25), and Motion to Clerfy Court Shopping (Ref) in Settlement (Conf) Motion (Doc. 26) are **DENIED** as moot in light of dismissal of the Complaint;

(2) Any federal claims remaining following the Tenth Circuit's remand are **DISMISSED** for failure to state a claim on which relief can be granted;

(3)  The Court again declines to exercise supplemental jurisdiction over any state law claims and dismisses those claims without prejudice to Mayfield's pending New Mexico state court case; and

(4)  Plaintiff Mayfield is granted leave to file an amended complaint consistent with this Memorandum Opinion and Order within 30 days after entry of the Memorandum Opinion and Order.


_____
SENIOR UNITED STATES DISTRICT JUDGE