**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EARL R. MAYFIELD,

       Plaintiff,

vs.                                   No. CV 17-00398 JCH/KRS

PRESBYTERIAN HOSPITAL [JOHN/JANE DOE (1)(2)],
BERNALILLO COUNTY SHERIFF OFFICERS
[JOHN DOES 3-6], METROPOLITAN DETENTION
CENTER MEDICAL STAFF, NURSES, DOCTOR,
AND CORRECTIONAL GUARDS ON DUTY,
[JOHN DOES 7-9],

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Fed. R. Civ. P. 41(b) on the Amended Complaint filed by Plaintiff Earl R. Mayfield (Doc. 37).  The Court will dismiss the Amended Complaint without prejudice for failure to comply with a Court Order and with the Federal Rules of Civil Procedure.

### I.  Factual and Procedural Background

Plaintiff Earl R. Mayfield filed a rambling, often incoherent, and delusional Prisoner's Civil Rights Complaint on May 31, 2017.  (Doc. 1).  He named, as Defendants, Pres. Hosp. Admin. (apparently Presbyterian Hospital), BSO Dept. (presumably Bernalillo County Sheriff's Office), Outside Agency, Albuq Ambulance (presumably Albuquerque Ambulance), Jane/John Doe, and possible MDC (apparently Metropolitan Detention Center).  (Doc. 1 at 1).  Mayfield claimed that

the events underlying his Complaint began with a hearing in his New Mexico state criminal case on May 4, 2016 before the Honorable Stan Whittaker.  (Doc. 1 at 1-2, 5).[1]  Mayfield claimed:

> "I was admitted to Emergency Room May 4, 2016 where my constitutional State and Fed rights Hippa/civil rights state and Federal medical malpractice, attempted murder, assault, rape, violation of due process, conspiracy with BSO Albuq Ambulance and other unknown agency's overly medicated.
> . . .
> I was taken to Pres Hosp by Albuq Ambulance after being remanded into custody by BSO, while in custody other outside Jane/John Doe agency was called. . . Violation of Hippa, Due Process, Equal Process, Cruel & Unusual punishment, Fed. & State constitutional Civil Rights 1964, Deliberate indifference, Assault, Medical Malpractice, Abuse of power, Excessive force, Attempted Murder, Agrivated Assault, Possible sexual assault."

(Doc. 1 at 1-2). Mayfield requested the Court award him "$20,000,000, for each and every defendant violation of plaintiffs rights, Monetary, Compensatory, Punitive Damages."  (Doc. 1 at 13).

On January 23, 2018 the Court entered a Memorandum Opinion and Order concluding that Plaintiff's Complaint failed to state a federal claim for relief and declining to exercise supplemental jurisdiction over any possible state law claims.   (Doc. 12).  Plaintiff Mayfield appealed the dismissal to the United States Court of Appeals for the Tenth Circuit on February 2, 2018.  (Doc. 14).  The Tenth Circuit affirmed this Court in most respects on May 31, 2019.  (Doc. 21-1).  In its Order, the Tenth Circuit affirmed all the Court's rulings that Plaintiff Mayfield's Complaint failed to state a federal claim for relief.  (Doc. 21-1 at 6-9).  The Tenth Circuit specifically affirmed the

---

[1] The official docket for Plaintiff Mayfield's criminal case shows that no proceedings took place in that case on or around May 4, 2016.  *See* New Mexico Secure Court Case Access (SOPA) docket for D-202-cr-2012-02229; *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (Court may take judicial notice of publicly filed records in other courts concerning matters that bear directly upon disposition of the case at hand);  *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts).

Court's ruling that MDC is not a suable entity for purposes of § 1983 and Plaintiff Mayfield's Complaint fails to state a claim for relief against MDC.  (Doc. 21-1 at 6).

However, the Tenth Circuit questioned whether the Court had considered Mayfield's allegation he was deprived of food by MDC in retaliation for alleging grievances against prison officials.  (Doc. 21-1 at 9).  The Tenth Circuit characterized his statements as alleging "he was placed in a maximum security cell . . .[w]hile in maximum security he alleges MDC did not feed him for the next three to four days."  (Doc. 21 at 3-4).  The Tenth Circuit remanded the case "to the district court to decide in the first instance Mayfield's claim of unconstitutional prison conditions and retaliation, including whether Mayfield should be given leave to amend his complaint."  (Doc. 21-1 at 11).  The Circuit Court also vacated the Court's decision declining to exercise supplemental jurisdiction over any state law claims.  (Doc. 21-1 at 11).

Plaintiff Mayfield has had fifteen civil rights and habeas corpus cases brought as original proceedings in or removed to this Court.[2]  Plaintiff has raised claims relating to an alleged incident involving Presbyterian Hospital in three cases including this case.  In *Mayfield v. Garcia*, No. CV 16-00805 JB/JHR, Plaintiff claimed that in June 2016, after he left Presbyterian Hospital, his level of security was raised at MDC and he was not allowed to shower, shave, use the phone, or seek medical attention.  (CV 16-00805/JB/JHR, Doc. 1 at 3).  He did not make any mention of MDC refusing him food.

---

[2] *Mayfield v. Waid,* CV 92-00349 JEC/WD; *Mayfield v. Bernalillo County Detention,* CV 92-00350 JGB/JHG; *Mayfield v. New Mexico Department,* CV 98-00699 LCS/JHG; *Mayfield v. Hackett*, CV 07-00149 JCH/LFG; *Mayfield v. Torres*, CV 08-413 RB/KBM; *Mayfield v. Garcia,* CV 16-00805 JB/JHR; *Mayfield v. Torres*, CV 16-00840 MCA/SCY; *Mayfield v. Suggs,* CV 17-01190 WJ/GBW; *Mayfield v. Ruiz*, CV 17-00193 JCH/KRS; *Mayfield v. LNU,* CV 17-00237 JAP/CG; *Mayfield v. Cole,* CV 17-00332 WJ/KK; *Mayfield v. Presbyterian Hospital,* CV 17-00398 JCH/KRS; *Mayfield v. Morris,* CV 17-00891 MV/SMV; *Mayfield v. Presbyterian Hospital,* CV 19-00948 KWR/SMV; and *Mayfield v. Jackson,* CV 20-00952 KG/LF.

Immediately following the Tenth Circuit's Order of Remand in this case, rather than seeking leave to amend in this case, Mayfield again filed the same claims in New Mexico state court. That case was removed to this Court by the Defendants on October 9, 2019. *See Mayfield v. Presbyterian Hospital*, No. CV 19-00248 KWR/SMV, Doc. 1. The claims in that case arise out of the same factual series of occurrences raised in this case, and the named Defendants are the same as in this case and CV 16-00805, including MDC. (No. CV 19-00948 KWR/SMV, Doc. 1-1; CV 16-00805, Doc. 1). However, the Complaint in CV 19-00948 did not mention any allegations regarding MDC not feeding him for a few days. This Court again dismissed all of Mayfield's federal claims for failure to state a claim for relief and remanded Mayfield's state law claims to New Mexico state court. (CV 19-00948 KWR/SMV, Doc. 18).

On remand, the Court entered a Memorandum Opinion and Order on August 25, 2021, concluding that the allegations of Plaintiff's original Complaint that "he was placed in a maximum security cell . . .[w]hile in maximum security he alleges MDC did not feed him for the next three to four days" (Doc. 21 at 3-4) fail to state a § 1983 claim for relief. (Doc. 28). Plaintiff Mayfield did not name any individual official as a defendant. The allegations required the Court to speculate as to a causal connection between his speaking to a classification officer and MDC's alleged failure to feed him and, if the failure to feed him actually occurred, whether that failure rose to the level of a constitutional violation. *See West v. Atkins*, 487 U.S. at 48; *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The allegations did not state a plausible §1983 claim for relief against any individual official. *Iqbal,* 556 U.S. at 676. (Doc. 28).

The Court also noted that the only entity named was MDC and, because MDC is not a suable entity, the Court had dismissed all claims against MDC. (Doc. 12 at 4-5; Doc. 28 at 4-8). A detention facility is not a person or legally created entity capable of being sued in a § 1983

action. *White v. Utah*, 5 F. App'x. 852, 853 (10th Cir. 2001) (unpublished); *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014). This Court's dismissal of the original claims against MDC was affirmed by the Tenth Circuit.  (Doc. 21-1 at 6).

The Tenth Circuit 's Order suggested the possibility that MDC could be held liable under a theory of municipal liability.  (Doc. 21-1 at 6-7).  *See Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978)*.* Under *Monell,* a local public body may be held liable if a constitutional violation resulted from unconstitutional conduct by an official carrying out a policy or custom established by the local public body. *See Monell v. Dep't of Social Services,* 436 U.S.at 690. Plaintiff Mayfield's Complaint, however, made no allegations that any unconstitutional conduct occurred while any official of MDC was carrying out a policy or custom established by Bernalillo County or that there is a direct causal link between any policy or custom and the alleged injury. *Bryson v. City of Oklahoma City,* 627 F.3d at 788; *Nielander v. Board of County Comm'rs,* 582 F.3d at 1170; *Moss v. Kopp,* 559 F.3d at 1169.

The Court's August 25, 2021 Order granted Plaintiff Mayfield the opportunity to amend to remedy the defects in his pleading and directed him to file an amended complaint within 30 days. (Doc. 28 at 9-10).  The Court cautioned Mayfield that any claim against an individual defendant must contain specific factual allegations identifying who each individual is, what that individual did, and how that individual's actions deprived Mayfield of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements would not be sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.  In order to state a claim against a county defendant, Mayfield must establish that, in addition to conduct by an employee or agent of the defendant in violation of the Constitution, a policy or custom of the defendant was a direct cause

or moving force for the constitutional violation. *Bryson v. City of Oklahoma City,* 627 F.3d at 788. (Doc. 28 at 9-10).

Further, the Court notified Mayfield that any amendment must be limited to the incident where he claims he told a classification officer at MDC about alleged violations, he was placed in maximum security, and he was not fed for a few days as alleged in Doc. 1 at 12. He could not seek to assert any claims that had previously been dismissed by this Court, nor could he attempt to raise any new claims arising out of incidents or occurrences that he had not previously raised. (Doc. 28 at 9-10). The Court also notified Mayfield that failure to file an amended complaint consistent with the Court's directions would result in final dismissal of this action without further notice. (Doc. 28 at 10).

## II.  Mayfield's Amended Complaint Does Not Comply with the Court's Order and the Rules of Procedure

Plaintiff did not file an amended complaint within 30 days. Instead, he sought multiple extensions of time, which were granted by the Court. (Doc. 29, 30, 31, 33). Shortly after filing two motions for leave to file an amended complaint, Plaintiff finally filed his Amended Complaint on December 28, 2021. (Doc. 37). Despite the Court's instructions to the contrary, Mayfield again named Presbyterian Hospital, Bernalillo County Sheriff's Office, and MDC as Defendants. (Doc. 1 at 1). The majority of the Amended Complaint is again devoted to allegations regarding a hearing on May 4, 2016 before the Honorable Stan Whitaker and Mayfield's transport to Presbyterian Hospital. (Doc. 37 at 3-5). The Amended Complaint is in direct contravention of the Court's Memorandum Opinion and Order. (*See* Doc. 28 at 9-10).

Plaintiff's allegations regarding the alleged failure of MDC to feed him are even more vague than the allegations in his original Complaint. He states:

"Once Plaintiff left the hospital he was taken to the Metropolitan

> Detention Center and placed in a holding cell for several days
> being deprived of food and a shower.  Correctional staff took
> turns watching plaintiff [John Does 1-6].  All the while plaintiff
> continued to ask for food and a shower, and being denied over
> and over again.  All of this being clear violations of plaintiff's
> right to be free from cruel and unusual punishment, and is the
> source of plaintiff's right to medical care in prison/jail (M.D.C.).

(Doc. 37 at 5).  Plaintiff Mayfield, again, does not identify with specificity any individual

MDC official and, contradictorily, references John Does 1-6, whom he elsewhere designated as

Presbyterian Hospital staff and Bernalillo County Sheriff's Officers.  (Doc. 37 at 1).  He also does

not factually allege how the actions of any individual MDC official violated his constitutional

rights.  *West v. Atkins*, 487 U.S. at 48; *Robbins v. Oklahoma,* 519 F.3d at 1249-50; *Iqbal,* 556 U.S.

at 676.  Further, his Amended Complaint is not limited to alleged deprivation of food as originally

claimed, but now includes alleged deprivation of showers and possibly even deprivation of

"shelter, food, exercise, clothing, sanitations, and hygiene."  (Doc. 1 at 5, 6).  The allegations of

the Amended Complaint do not comply with the Court's Memorandum Opinion and Order.  (Doc.

28 at 9-10).

Last, and contrary to the Court's Memorandum Opinion and Order, Plaintiff's Amended

Complaint states:

> "The plaintiff Earl R. Mayfield also brings a new claim of
> 'gross negligence', Breach of contract, and Medical
> Malpractice.  Under the Eighth Amendment, plaintiff
> is entitled to medical care for 'serious medical needs.'"

(Doc. 37 at 8).  Mayfield was specifically instructed that any new claims must be brought in a new

lawsuit and he could not assert new claims in this case.  (Doc. 28 at 9-10).

Rule 12(e) of the Federal Rules of Civil Procedure permits the Court to dismiss, strike, or

order a more definite statement where a complaint is so vague or ambiguous that an opposing party

cannot reasonably prepare a response.  Fed. R. Civ. P. 12(f) provides that the Court may strike

from a pleading any redundant, immaterial, impertinent, or scandalous matter. Rule 8 requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).

The Court is not required to sort through voluminous, vague allegations to try to identify Plaintiff's cause of action.  A *pro se* complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible." *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000).  Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court.  *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989).  Imprecise pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah,* 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings bury material allegations in "a morass of irrelevancies" and do not meet Rule 8(a)'s pleading requirement of a "short and plain statement." *Mann,* 477 F.3d at 1148; *Ausherman v. Stump,* 643 F.2d 715, 716 (10th Cir.1981).

Moreover, a plaintiff may not seek to amend a complaint in a manner that turns the complaint into a "moving target." It is unreasonable to expect the Court or the defendants continually to have to adapt as the plaintiff develops new theories or locates new defendants. There comes a point when even a *pro se* plaintiff has had sufficient time to investigate and to properly frame his claims against specific defendants. *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1206 (10th Cir.2006).  Plaintiff was given precise instructions and the opportunity to frame his claims against specific defendants. Plaintiff's rambling, voluminous filing does not comply with the

requirements of Rule 8.    Plaintiff's filing buries any material allegations in "a morass of irrelevancies" and does not meet Rule 8(a)'s "short and plain statement" pleading requirement. *Mann,* 477 F.3d at 1148; *Ausherman,* 643 F.2d at 716; *Minter,* 451 F.3d at 1206.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules.  *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).  The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with statutes or rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

Plaintiff Mayfield has deliberately failed to comply with the Court's Order, failed to comply with Fed. R. Civ. P. 8 and 11, and failed to prosecute this action.  The Court may dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, and to comply with court orders.  *Olsen v. Mapes*, 333 F.3d at 1204, n. 3. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with rules and a Court Order and failure to prosecute this proceeding.  The Court's dismissal is without prejudice.  If Plaintiff Mayfield believes he has new civil rights claims, he may institute a new case by filing a new complaint that complies with the requirements of Fed. R. Civ. P. 8 and 11 and by paying the filing fee or qualifying to proceed *in forma pauperis* under 28 U.S.C. § 1915.

### III.  <u>The Court Again Declines to Exercise Supplemental Jurisdiction</u>

The Tenth Circuit also set aside the Court's decision not to exercise supplemental jurisdiction over any state law claims.  Plaintiff chose to pursue any state law claims in a separate proceeding and that case has been remanded to state court for consideration of those claims.  The Court will again decline to reach the merits of state law claims, if any, and will dismiss those claims under 28 U.S.C. § 1367.

## IV.  Consideration of the *Ehrenhaus* Factors

Before dismissing a complaint without prejudice for failure to comply with a court order, a court should ordinarily consider the factors outlined by *Ehrenhaus v. Reynolds*: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted); *see also Mobley v. McCormick*, 40 F.3d 337, 340–41 (10th Cir. 1994) (holding the *Ehrenhaus* factors apply to Rule 41(b) involuntary dismissals).

The Court has considered the *Ehrenhaus* factors and concludes that Plaintiff is not significantly prejudiced by the dismissal.  To the extent his one claim relating to alleged deprivation of food at MDC is being dismissed beyond the statute of limitations, he has had multiple opportunities to raise and adjudicate that claim within the limitations period.  *See Mayfield v. Presbyterian Hospital*, No. CV 19-00248 KWR/SMV; *Mayfield v. Garcia*, No. CV 16-00805 JB/JHR.  Further, the new claims that he alleges appear to be within the limitations period and can be raised in a new, separate proceeding. (Doc. 37 at 8; Doc. 39).

The Court also finds that Plaintiff's filing of a non-complying amended complaint after multiple extensions of time has significantly interfered with and delayed the judicial process in this case.  Under the third factor, Plaintiff's direct contravention of the Court's instructions regarding the amended complaint demonstrates culpability.  Fourth, Plaintiff was warned that if he did not file an amended complaint that complied with the Court's instructions, this case would be dismissed.  (Doc. 28 at 10).  Last, because Plaintiff has already been given multiple opportunities to prosecute his claims, has failed to comply with prior Court orders, and his claims

have been repeatedly dismissed, the Court determines that any lesser sanction than dismissal would be ineffective. *Mobley v. McCormick*, 40 F.3d at 340–41.

## V.  Pending Motions

Also pending before the Court are Plaintiff's Amended Motion in Support for Leave to File Amended Complaint (Doc. 34), Motion for Leave to File Amended Complaint (Doc. 35), Motion to Produce Documents (Doc. 36), Motion for Temporary Injunction against non-party Western New Mexico Correctional Facility (Doc. 39), and Motion for Telephonic Hearing on the Motion for Temporary Injunction (Doc. 40).  The Court will deny all pending motions as moot in light of the dismissal of this case. The Court notes that to the extent Plaintiff is seeking to assert any claims against non-party Western New Mexico Correctional Facility, those claims are more properly brought in a separate lawsuit.

**IT IS ORDERED:**

**(1)**  that Plaintiff's Amended Motion in Support for Leave to File Amended Complaint (Doc. 34), Motion for Leave to File Amended Complaint (Doc. 35), Motion to Produce Documents (Doc. 36), Motion for Temporary Injunction (Doc. 39), and Motion for Telephonic Hearing (Doc. 40) are **DENIED** as moot; and

**(2)**  the Amended Complaint filed by Plaintiff Earl R. Mayfield (Doc. 37) is **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b) for failure to comply with the Court's August 28, 2021 Order and with the rules of procedure, and Judgment will be entered closing this civil case.

SENIOR UNITED STATES DISTRICT JUDGE